## Victor Hurtado *v.* Sara M. Hurtado
## (4749)

Dupont, C. J., Bieluch and Foti, Js.

Argued January 14—decision released May 3, 1988

*Lorraine W. Osborne,* with whom, on the brief, was *Brenda A. Mallick,* for the appellant-appellee (defendant).

*Ernest C. LaFollette,* for the appellee-appellant (plaintiff).

DUPONT, C. J. The defendant wife appeals from the judgment rendered in this fully contested dissolution action, challenging the award of custody of the parties' two minor children to the plaintiff husband and the subsequent denial of her request to modify the custody order. The plaintiff cross appeals, challenging the trial court's distribution of the parties' assets.

The court dissolved the parties' marriage and awarded sole custody of their minor children to the plaintiff, with reasonable visitation rights in the defendant. The court did not award periodic alimony to either party, but ordered the defendant to pay support in the amount of $50 per week for each minor child. In dividing the parties' assets upon dissolution, the trial court awarded two residential properties to the defendant, and ordered the defendant to pay to the plaintiff $25,000 for his interest in the real property. The defendant subsequently filed a motion to modify the custody order, alleging a substantial change of circumstances arising from the plaintiff's removal of the minor children from the United States. The trial court denied the defendant's motion to modify on the grounds that the parties' minor children were no longer in this jurisdiction, that any modification order that it might issue

would be impossible to enforce, and that the defendant failed to notify the plaintiff of the modification proceedings.

The defendant has raised three claims of error on appeal. She argues that the trial court erred in relying on a family relations study and on the testimony of a family relations officer, both of which incorporated hearsay statements of a psychiatrist, and that she was denied her right to due process of law in that she was hampered in the presentation of her testimony at trial because of her alleged difficulties in speaking the English language. She also claims that the court erred in concluding that custody to the plaintiff was in the best interests of the parties' minor children. In an amended appeal, the defendant claims that the trial court erred in denying her motion to modify the order of custody. The plaintiff, in his cross appeal, argues that the trial court erred in its distribution of the parties' assets by awarding both residential properties, which property constituted the parties' sole real estate, to the defendant while awarding sole custody of the minor children to the plaintiff. We find no error on the appeal, error on the amended appeal, and no error on the cross appeal.

I

We first address the evidentiary issue raised by the defendant that the trial court erred in relying on the testimony of a family relations officer and on a report prepared by him and accepted into evidence,[1] both of which were based, in part, on the conclusions of a nontestifying psychiatrist. We are unable to review this claim on the merits because it was not properly preserved for appellate review.

[1] Pursuant to Practice Book § 479, family case study reports are admissible if the author is available for cross-examination. See also *Stewart* v. *Stewart,* 177 Conn. 401, 405 n.1, 418 A.2d 62 (1979).

The defendant avers in her brief that her counsel properly "objected to any references to testimony about [the psychiatrist's] report and to any reliance by the court on the family relations study which was based on the [psychiatrist's] report." The defendant has neglected, however, to indicate which pages of the transcript reflect such objections.[2]

Furthermore, Practice Book § 4185 provides in pertinent part that an appellate court "shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." At the time that the family relations report was proffered into evidence, the defendant failed to raise distinctly the claim she now makes on appeal and did not perform all of the procedural prerequisites mandated in § 288.[3]

The defendant, a native of Ecuador who has lived in the United States for the past twenty years, next claims that she was denied due process of law because of her "language problem." The defendant's specific claim is that although her English is "adequate for normal situations," it "was totally inadequate" for the purpose of a custody trial and, therefore, "she was highly prejudiced by her inability to express herself clearly to the

[2] Our review of the transcript indicates that although counsel for the defendant objected to the admission of the psychiatrist's report on hearsay grounds, which report was excluded by the trial court, counsel stated that it had "[n]o objections" to the introduction into evidence of the family relations study report, which report set forth the opinion of the psychiatrist who had examined the defendant.

[3] During his summation to the trial court, counsel for the defendant stated: "Reference was made to Plaintiff's exhibit A, which was the custody study done by [the] Family Relations Officer. I must point out that a number of the statements made in the report were clearly hearsay, were unsubstantiated. There was reference made to a psychiatric report which, I may point out, is not even in evidence but is mentioned in the report. I think the Court should take that into consideration in making its determination as to whether that information is properly before it." Although the defendant raised the issue of hearsay, she did not preserve the issue by formally objecting to its introduction into evidence.

court." The defendant did not request an interpreter at the time of trial, nor did she raise the issue of her language problem at any time during the trial. The defendant, however, requests review of her claim under the doctrine set forth in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). She argues that she was deprived of a fundamental constitutional right and a fair trial. Implicit in the seeking of such a review is the belief that the *Evans* doctrine applies to civil cases. Based upon our analysis of *State* v. *Evans,* supra, itself and more recent Connecticut cases, we conclude that it does. See *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 716, 535 A.2d 799 (1988); *Marsh, Day & Calhoun* v. *Solomon,* 204 Conn. 639, 647–48, 529 A.2d 702 (1987); *Mazur* v. *Blum,* 184 Conn. 116, 120 n.5, 441 A.2d 65 (1981); *State* v. *Evans,* supra;[4] *Page* v. *Welfare Commissioner,* 170 Conn. 258, 267, 365 A.2d 1118 (1976); see also *Texaco, Inc.* v. *Golart,* 206 Conn. 454, 460, 538 A.2d 1017 (1988). In this case, however, although the defendant's claim on its face implicates a fundamental constitutional claim, that of due process, the record, when viewed in a limited way, does not support the claim. The defendant has simply characterized her claim as constitutional and it deserves no review. *State* v. *Thurman,* 10 Conn. App. 302, 306–307, 523 A.2d 891, cert. denied, 204 Conn. 805, 528 A.2d 1152 (1987).

The defendant's third claim of error is that the trial court erred in awarding custody to the plaintiff father in contravention of the minor children's best interests. We disagree.

Our standard of review in domestic relations cases is a very narrow one. "We will not reverse a trial

---

[4] A claim pursuant to *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), may be analogous to a claim of plain error. See J. Ranucci, "*State* v. *Evans:* The Unexceptional Exception," 61 Conn. B.J. 359, 363 (1987).

court's rulings with regard to custody and financial orders unless the court incorrectly applied the law or could not reasonably have concluded as it did. *Timm* v. *Timm,* 195 Conn. 202, 210, 487 A.2d 191 (1985)." *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 302, 536 A.2d 978 (1988).

Pursuant to General Statutes § 46b-56 (b), in making a determination of custody, the governing standard is the best interests of the child. *Yontef* v. *Yontef,* 185 Conn. 275, 282, 440 A.2d 899 (1981). In the present case, our review of the trial court's lengthy and well reasoned memorandum of decision concerning the issue of custody indicates that the trial court correctly applied this standard to the evidence properly before it.

The defendant, however, attempts on appeal effectively to curtail the trial court's discretion by alleging the existence of a presumption in favor of the mother as the proper custodial parent, citing *Claffey* v. *Claffey,* 146 Conn. 104, 148 A.2d 140 (1959) and *L'Manian* v. *L'Manian,* 14 Conn. Sup. 306 (1946).

Our Supreme Court's decisions in *Presutti* v. *Presutti,* 181 Conn. 622, 627–28, 436 A.2d 299 (1980), and *Simons* v. *Simons,* 172 Conn. 341, 350, 374 A.2d 1040 (1977), are dispositive of this issue. In those cases, the court "declined to adopt the defendant's assertion that there was a presumption favoring the mother as a custodial parent . . . ." *Presutti* v. *Presutti,* supra, 627. "[A]ny such [factor] '[is] merely [an element] in the larger question of what is in the best interests of the child. If the child's best interests . . . require for him to be placed in the custody of the father rather than the mother' " then that must be the custodial order. Id., 628, quoting *Simons* v. *Simons,* supra, 350. Furthermore, we conclude that there is no presumption in favor of the mother or the father as a custodial parent, outside of the parameters of factors indicative of the best inter-

ests of the child. "Neither the applicable statutes nor the case law on the subject recognize any presumption in custody matters that the party against whom it operates must bear the burden of rebutting." *Presutti* v. *Presutti,* supra, 628. There was ample evidence from which the trial court could have concluded that sole custody to the father was in the minor children's best interests.

## II

In her amended appeal, the defendant argues that the trial court erred in denying her motion to modify the original custody order. The defendant's statement in support of her motion to modify averred that approximately ten months after the trial court's judgment dissolving the parties' marriage and awarding sole custody to the plaintiff, the plaintiff removed the parties' two minor children from the United States to somewhere in South America. The defendant contended that the removal of the children from the country constituted a "deleterious and substantial change in circumstances sufficient to justify a modification" of the custody order. The trial court denied the motion to modify because the "children [were] not within the jurisdiction of this court at this time [and because the modification] requested is impossible to enforce. Finally, [the plaintiff] has to be cited before [the] court for [modification]."[5] The defendant challenges the court's denial, claiming that (1) the court has jurisdiction under the Uniform Child Custody Jurisdiction Act to determine the merits of the motion to modify, and (2) the plaintiff's conduct in taking the children to South America is grounds for modification of the custody order.

We first address the trial court's ruling that it was without jurisdiction to decide the motion for modifica-

[5] The defendant was required to have the plaintiff "cited" before the court by notifying him of the legal proceedings. There was no requirement that he be named in a new citation. See General Statutes §§ 46b-94 and 46b-95.

tion because the children were not presently residing within this state and because of enforcement difficulties.[6] Our Supreme Court's decision in *Presutti* v. *Presutti,* supra, is controlling on this point. "While it is true that, as a practical matter, the court's exercise of its continuing jurisdiction over the education, care, custody and visitation of a child under General Statutes § 46b-56 is made more difficult where the custodial parent resides outside of the country, it would be inaccurate to say that in such cases the court loses all control over the [minor children]. In a context applicable in principle here, we have said that the mere lack of power to enforce a judgment extraterritorially does not deprive a court having the parties before it of jurisdiction to render a judgment that may be enforced on grounds of comity in any other jurisdiction." (Citations omitted.) Id., 628–29. In this case, therefore, it was error for the trial court to conclude that it was without jurisdiction simply because the children were no longer present in this state and because of assumed enforcement problems.

A trial court's continuing jurisdiction over matters concerning the custody of a child is established not by an independent statutory definition of "continuing jurisdiction" but is, rather, dependent on those provisions encompassed within the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA). General Statutes §§ 46b-90 through 46b-114. General Statutes § 46b-56 (a) provides that "[i]n any controversy before the superior court as to the custody or care of minor children . . . the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation *if it has jurisdiction under the provisions of chap-*

---

[6] Although the trial court denied the motion for modification, the merits of the motion were never addressed. Such denial, therefore, is more properly deemed a dismissal of the defendant's motion for lack of jurisdiction.

*ter 815o.*" (Emphasis added.) The UCCJA as adopted in this state is contained in chapter 815o of our General Statutes. Therefore, with respect to the principle that in dissolution actions, our Superior Courts retain continuing jurisdiction over the custody and support of a minor child of the parties whether residing in this state or elsewhere; *Morabito* v. *Wachsman,* 191 Conn. 92, 103, 463 A.2d 593 (1983); *Fagan* v. *Fagan,* 131 Conn. 688, 690, 42 A.2d 41 (1945); the only relevant inquiry that the trial court should have made in this case was whether it had jurisdiction under the provisions set forth in the UCCJA.

Under the UCCJA, the physical presence of the children is not a prerequisite for jurisdiction. General Statutes § 46b-93 (c). This state has jurisdiction if *either* (1) this state is the home state of the children at the time of the commencement of the proceeding, *or* (2) this state has been the children's "home state within six months before the commencement of the proceeding and the [children are] absent from this state because of [their] removal or retention by a person claiming [their] custody . . . and a parent . . . continues to live in this state"; General Statutes § 46b-93 (a) (1) (B); *or* (3) it is in the best interests of the children that a court of this state assume jurisdiction in that the children and at least one of the parents have a "significant connection with this state," *and* "there is available in this state substantial evidence concerning the [children's] present or future care, protection, training and personal relationships"; General Statutes § 46b-93 (a) (2) (A), (B); *or* (4) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with factor (2), above, *and* it is in the best interests of the children that a court

in this state assume jurisdiction. General Statutes § 46b-93 (a) (4) (A), (B).[7]

Whether this state is the "home state" of the children at the time of the commencement of the proceeding, or whether a court of this state has jurisdiction under the "best interests of the child" test of the UCCJA are matters which cannot initially be determined on appeal. *Kioukis* v. *Kioukis,* 185 Conn. 249, 257, 440 A.2d 894 (1981). Accordingly, it is necessary to remand this case to the trial court to determine whether any of the conditions of § 46b-93 are satisfied in this case. If the court finds that a condition is satisfied, then it "shall" exercise jurisdiction to determine the merits of the defendant's motion for modification of the custody order. General Statutes § 46b-93 (a).

We next address the trial court's ruling that in order for it to exercise jurisdiction, the defendant had to obtain service of process on the plaintiff in South America, which the defendant failed to do. We disagree and conclude that, under the unique procedural posture of this case, it was not necessary for the defendant to have served the plaintiff in order for the court to exercise jurisdiction.

The following procedural history is relevant to this issue. In March, 1984, the plaintiff brought this action for dissolution. On October 7, 1985, the trial court dissolved the marriage and granted custody to the plaintiff, with visitation rights in the defendant. On October 25, 1985, the defendant moved to open the judgment, which motion was denied by the trial court on December 5, 1985. On December 19, 1985, the defendant appealed to this court, challenging the order of custody. In August, 1986, during the pendency of this appeal, the plaintiff

---

[7] Although subsection (a) of General Statutes § 46b-93 sets forth other circumstances whereby a court of this state may exercise jurisdiction, they are not pertinent to the present case.

apparently left this country with the parties' two minor children and went to Colombia, South America. In September, 1986, the defendant received a letter from the plaintiff informing her of a post office address to use for the purpose of sending payments for child support. The defendant had not seen the children, spoken to them, or received any communications from them since they were removed from this country. On November 11, 1986, the defendant filed a motion to modify the order of custody. The defendant sent notice of the proceeding to the attorney for the plaintiff on appeal, who was also the plaintiff's attorney at trial. In a supplemental brief in opposition to the amended appeal, counsel for the plaintiff does not dispute the fact that notice of the motion to modify was received, nor does counsel dispute the allegation made by the defendant that the plaintiff had actual knowledge of the commencement of the proceeding. Rather, counsel for the plaintiff argues that due process considerations and the mandates of General Statutes § 46b-95 required personal delivery of notice to the plaintiff in South America.

A custody order cannot be modified without adequate notice and an opportunity to be heard. General Statutes § 46b-94. General Statutes § 46b-95 provides that "[n]otice required for the exercise of jurisdiction over a person outside this state shall be given in a *manner reasonably calculated to give actual notice* . . . ." (Emphasis added.) This statutory provision enumerates four methods by which notice "may be" made.[8] These methods are not exclusive. Any method of serving

---

[8] Notice "may be: (1) By personal delivery outside this state in the manner prescribed for service of process within this state; (2) in the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction; (3) any form of mail addressed to the person to be served and requesting a receipt; or (4) as directed by the court including publication, if other means of notification are ineffective." General Statutes § 46b-95 (a).

notice may be employed as long as it is "given in a manner reasonably calculated to give actual notice" and meets due process requirements as they exist at the time of the proceeding. See Unif. Child Custody Jurisdiction Act § 5, 9 U.L.A. 131-32 (referring to § 5 of the UCCJA, which section is similar to General Statutes § 46b-95). We conclude that service upon the plaintiff's appellate and trial attorney was adequate in light of the circumstances here which indicate that due process requirements were satisfied.

Pursuant to Practice Book § 77 (c), in any action seeking a dissolution of marriage and in the absence of a specific withdrawal, "counsel will continue of record for all postjudgment purposes until 180 days have elapsed from the entry of judgment or, in the event an appeal or a motion to open a judgment is filed within such 180 day period, until final judgment on that appeal or determination of that motion, whichever is later." In this case, accordingly, service of notice of the motion to modify the award of custody upon the plaintiff's attorney of record at the time of the dissolution judgment was proper under § 77 (c).

Furthermore, service of process on appellate counsel was adequate notice to the plaintiff to confer jurisdiction because it satisfied due process considerations in that there is a present, ongoing attorney-client relationship between the attorney served and the plaintiff, *and* the order sought to be modified is the same order presently challenged on appeal.

We need not address the defendant's claim that the plaintiff's actions in removing the children from this country are grounds for a modification of the custody order. In the event that the trial court, on remand, determines it has jurisdiction pursuant to General Statutes § 46b-93, that court must then determine whether the removal of the children constitutes a material

change in circumstances altering the court's prior finding of the children's best interests. *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447 (1982).

## III

The plaintiff, in his cross appeal, argues that the trial court erred in its distribution of the parties' assets by awarding both residential properties to the defendant while awarding sole custody of the minor children to the plaintiff.

Pursuant to General Statutes § 46b-81, a trial court in a dissolution action has the discretion to assign to either spouse all or any part of the property owned by the other spouse. *Debowsky* v. *Debowsky,* 12 Conn. App. 525, 526, 532 A.2d 591 (1987). This statutory provision for the assignment of property is permissive, not mandatory. Id. Such award rests in the sound discretion of the trial court and will not be disturbed unless it appears that such discretion has been abused. *Charpentier* v. *Charpentier,* 206 Conn. 150, 154, 536 A.2d 948 (1988); *Carpenter* v. *Carpenter,* 188 Conn. 736, 741–42, 453 A.2d 1151 (1982); *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 306, 536 A.2d 978 (1988). The trial court in this case properly considered all mandatory statutory criteria in making its property division, and did not abuse its discretion.

There is no error on the defendant's appeal.

There is error on the defendant's amended appeal, the judgment rendered on the defendant's motion for modification of the custody order is set aside and the cause remanded to the trial court for further proceedings consistent with this opinion.

There is no error on the plaintiff's cross appeal.

In this opinion the other judges concurred.