## ROBERT A. MARGULIES *v.* VICTORIA A. CASSANO
### (AC 17554)

O'Connell, C. J., and Foti and Landau, Js.

Argued December 8, 1998—officially released March 2, 1999

*John F. Morris*, with whom, on the brief, was *Raynald B. Cantin*, for the appellant (plaintiff).

*Edith F. McClure*, with whom, on the brief, was *Gerald A. Roisman*, for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff appeals from the post-judgment orders of the trial court suspending his visitation with his minor son, modifying its child support orders and awarding counsel fees to the defendant to defend this appeal. The dispositive issue in this case is whether the trial court lacked jurisdiction to enter the underlying orders when neither party resided in Connecticut. Because we conclude that the trial court failed to make findings with respect to the court's jurisdiction, we decline to consider the plaintiff's other claims and remand the case to the trial court with direction to make the requisite factual findings.

The parties' marriage was dissolved on November 14, 1994. The relevant portions of the dissolution judgment provided that (1) the parties were to have joint custody of their minor son with the child's primary residence to be with the defendant, (2) the plaintiff was to have reasonable visitation with his son, during which visits the plaintiff was to abide by certain conditions and (3) the plaintiff was to pay child support to the defendant in an amount that was automatically computed and

adjusted annually on the basis of the parties' gross incomes and the child support guidelines.

When the dissolution action was commenced, and for at least twelve months prior to that, both parties were residents of Connecticut. Shortly before rendition of the final judgment, the plaintiff relocated to the state of Washington where he has since resided. The defendant is now a legal resident of New York state and is presently stationed in Virginia on active duty with the United States Navy. The minor child resides with the defendant in Virginia.

The two postjudgment motions that precipitated this action were the defendant's motion for modification of visitation and a motion for determination of child support.[1] The trial court held hearings on several dates between January and June, 1997. During the February 13, 1997 hearing, the court briefly addressed the issue of jurisdiction and, despite noting that neither party resided in Connecticut, determined that the home state of the child was Connecticut for purposes of the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes § 46b-90 et seq. In making this determination, the trial court did not hear evidence from witnesses, but relied on the representations of counsel. When questioned on the issue of the child's residence, counsel for the defendant admitted that he could not tell the court when the child last lived in Connecticut.[2]

During a hearing on June 2, 1997, the court again addressed the issue of its jurisdiction and stated that "the fair language of paragraph 8B [of the dissolution agreement] can only be interpreted to establish the

---

[1] The defendant subsequently filed two additional motions, a motion for contempt dated February 4, 1997, and a motion for contempt dated March 10, 1997. Both contempt motions were withdrawn by the defendant and are not at issue in this appeal.

[2] "The Court: So, you can't tell me when the child last lived in this state?
"[Defendant's Counsel]: No, I can't, Your Honor."

jurisdiction of the state of Connecticut over the mathematical issues raised for purposes of calculating child support at the time the decree was entered. . . . It should be clear that as to other matters reflecting support of the child, as to other matters reflecting visitation and custodial issues, paragraph 8B and its language may not apply. *That is there may well be other courts which would have jurisdiction over other issues relating to the child.*" (Emphasis added.) Notwithstanding the expressed uncertainty, the trial court proceeded to exercise jurisdiction over all of the postjudgment matters and on the final day of hearings, August 11, 1997, the trial court announced its decision from the bench.

While it is true that enforcement of a custody modification is made more difficult by the fact that the custodial parent does not live within the court's jurisdiction, the court does not lose control over custody and visitation matters concerning a minor child simply because the child does not presently reside in the state. *Presutti* v. *Presutti*, 181 Conn. 622, 628–29, 436 A.2d 299 (1980); *Hurtado* v. *Hurtado*, 14 Conn. App. 296, 303, 541 A.2d 873 (1988). Rather, "[a] trial court's continuing jurisdiction over matters concerning the custody of a child is . . . dependent on those provisions encompassed within the [UCCJA] . . . ." *Hurtado v. Hurtado*, supra, 303; see also *Kioukis* v. *Kioukis*, 185 Conn. 249, 251, 440 A.2d 894 (1981) (Superior Court's jurisdiction to modify visitation order as to minor child conferred and limited by statute).

The UCCJA, as adopted in chapter 815o of our General Statutes, provides superior courts with "jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the

proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state . . . ." General Statutes § 46b-93 (a).

" 'Home State' means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months . . . ." General Statutes § 46b-92 (6). "Whether this state is the 'home state' of the children at the time of the commencement of the proceeding . . . cannot initially be determined on appeal. *Kioukis* v. *Kioukis*, [supra, 185 Conn. 257]." *Hurtado* v. *Hurtado*, supra, 14 Conn. App. 305. " 'When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses. . . .' *Standard Tallow Corporation* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983)." *Unisys Corp.* v. *Dept. of Labor*, 220 Conn. 689, 695–96, 600 A.2d 1019 (1991).

In the present case, the trial court made the determination that the home state of the child pursuant to the UCCJA was Connecticut without making factual findings to support that determination. In fact, the court could not have made any factual findings with respect to this issue because it did not receive evidence from any witnesses on this issue and, instead, relied solely on the representations of counsel. "[I]t is well settled that statements of counsel are not evidence. *State* v. *Roman*, 224 Conn. 63, 68, 616 A.2d 266 (1992), cert. denied, 507 U.S. 1039, 113 S. Ct. 1868, 123 L. Ed. 2d 488 (1993); *State* v. *Tillman*, 220 Conn. 487, 496, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992)." *State* v. *Sauris*, 227 Conn.

389, 404, 631 A.2d 238 (1993). In fact, even the representations made by counsel to the court do not support a determination that Connecticut was the home state of the child at the commencement of the proceedings. When questioned with respect to when the child last lived in the state, counsel for the defendant conceded that he did not know.

The rulings on the defendant's motions to suspend visitation, for modification of child support and for attorney's fees are reversed and the case is remanded for a factual determination as to whether any of the conditions of § 46b-93 are satisfied so as to confer jurisdiction on the court; if the court finds that one of the conditions is satisfied, it shall exercise jurisdiction to determine the merits of the defendant's motions.

In this opinion the other judges concurred.