[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] INTERLOCUTORY MEMORANDUM OF DECISION RE JURISDICTION
This matter has been remanded by the Appellate Court after an appeal by the plaintiff from the trial court's rulings on the defendant's motions to suspend visitation, for modification of child support, and for attorney's fees. The Appellate Court's order states in relevant part:
. . . the case is remanded for a factual determination as to whether any of the conditions of 46b-93 are satisfied so as to confer jurisdiction on the court; if the court finds that one of the conditions is satisfied, it shall exercise jurisdiction to determine the merits of the defendant's motions.
Margulies v. Cassano, 52 Conn. App. 116, 121 (1999). This court held an evidentiary hearing limited to the issue of jurisdiction on August 17, 1999. Both parties submitted written memoranda of law
I. FINDINGS OF FACT
Based upon the evidence and the record, the court makes the following findings of fact. The marriage of the parties was dissolved by this court on November 14, 1994, when judgment was entered in accordance with a signed separation agreement between the parties dated November 10, 1994. The parties have one son, Jonathan Maxwell "Jay" Margulies, who was born on April 14, 1988. The judgment provided that the parties would have joint legal custody of the child but that his "principal place of residence" would be with the wife. The judgment set requirements for the plaintiffs handling of firearms during visitation by the child. CT Page 12193 The judgment also provided that the plaintiff would pay $350 per week as child support, and required that the amount of support would be reviewed by the court in July, 1996.
At the time of the divorce, the defendant and the child lived in Connecticut, where they continued to reside until late August. 1996. During at least those two years, the child attended school in Connecticut. His psychological counselor and pediatrician were both located in Connecticut, and he took music lessons here.
During the child's summer visitation with the plaintiff at his home in Washington state during the summer of 1996, the child, then eight, called his mother asking to come home. The child reported that his father was leaving guns out and that he was afraid.[1] Concerned about the consequences if she raised the issue before visitation had concluded, the defendant postponed confronting the plaintiff about the issue and did not file her motion to suspend visitation until September 16, 1996. By then, she and the child had been living in Virginia for approximately a month. Since September, 1996, neither the defendant nor the child has had any significant contact with Connecticut. The plaintiff has had no significant contact with Connecticut since 1994, but as noted above submitted to the continuing jurisdiction of the court through at least the summer of 1996 for at least the issue of child support.
The defendant filed a post-judgment motion for modification of visitation and a motion for determination of child support on September 12, 1996. Her motions were mailed to "the Plaintiff, Robert A. Margulies, do" his attorney. No citation or order of notice was issued, and the plaintiff was not personally served at his Washington state residence. On October 14, 1996, the plaintiff appeared by counsel. Thereafter, both parties vigorously litigated the matter and discovery was exchanged. On June 20, 1997, the plaintiff filed proposed orders. In that pleading, the plaintiff raised and briefed his claim that he had not been properly served with either the motion to modify visitation or the motion for determination of child support His counsel again raised the issue in argument during the decisional phase of the hearing. Transcript, August 11, 1997, p. 19. Accordingly, the issue was litigated and was available for appellate review. Additional factual findings will be made as necessary to the resolution of the issues.
II. DISCUSSION
CT Page 12194
The plaintiff contends that Connecticut does not have jurisdiction to adjudicate this matter pursuant to Section 46b-93 of the General Statutes because neither the defendant nor the child have had any significant contact with this state since September 1996. He also contends that the plaintiff did not receive proper service of process at the commencement of the proceeding in September 1996.
The defendant contends that the court has jurisdiction both under Section 46b-93 and because the stipulation for judgment subjected the parties to the continuing jurisdiction of the court for matters relating to child support.
Based upon the factual findings, this court has jurisdiction to hear and determine matters related to the custody and visitation of the minor child. The statute provides in part: "A court of this state shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of the commencement of the proceeding . . . Connecticut General Statutes, Section 46b-93 (a). That portion of the statute imposes a two-pronged test: was Connecticut the child's home state, and was that true at the commencement of the proceeding? The term home state is defined in the statute as "the state in which the child immediately preceding the time involved lived with a parent for at least six consecutive months." Connecticut General Statutes, Section 46b-92 (6). In this case, the "time involved" in causing the motion concerning custody to be made was the child's summer visitation with his father, when the issues raised by the motion took place. At that time, the child lived in Connecticut, and had for at least two years. The commencement of the proceeding is the time that the defendant filed her motion to suspend visitation.
Because Section 46b-93 (a)(1)(A) makes clear that jurisdiction is conferred based upon the home state at the commencement of the proceeding, the plaintiffs argument that this state no longer has jurisdiction is unavailing. The proceeding commenced in September 1996, a matter of weeks after the child had been removed to Virginia and before he even had a permanent address there. At that time, all of the significant information concerning him was located in Connecticut. There was a factual basis for the court to have exercised jurisdiction over the September 1996 custody motion. Because the statute vests CT Page 12195 jurisdiction at the commencement of the proceeding where the child's home state is Connecticut, this state is not deprived of jurisdiction for the purposes of Section 46b-93 (a)(1)(A) because the child moved during the course of the proceeding. Indeed, if that were so a determined litigant could deprive this court of the rightful jurisdiction it exercised at the commencement of the case simply by delaying the action or taking an appeal.
Section 46b-93 (a)(1)(A) provided a basis for jurisdiction at the commencement of the case and does so now. When the action was commenced in September 1996, jurisdiction was properly exercised by virtue of several other sections of the statute. It was in the best interest of the child that this state exercise jurisdiction because he and his mother had a substantial connection with this state and substantial evidence concerning his present and future care, protection, training and personal relationships existed here. Connecticut General Statutes, Section 46b-93 (a)(2). Virtually all the evidence concerning his schooling, medical treatment, social relationships, and, most importantly in the context of this custody motion, his psychological well-being were based in this state, which had been his home for several years. In addition, when the motion was filed no other state would have had jurisdiction under 46b-93 (a)(2), and it was in the best interest of the child that Connecticut exercise jurisdiction. Connecticut General Statutes, Section 46b-93 (a)(4). At that time, the only other state which reasonably could have exercised jurisdiction was Virginia, where the child and his mother had lived for only a few weeks and had not yet moved to a permanent home. His psychologist, pediatrician, teachers, and school records were all in Connecticut, and he had not yet had time to build substantial evidence about himself in Virginia. Virginia was not his home state as defined by the statute because he had not lived there for six months. Virginia, which has adopted the Uniform Child Custody Jurisdiction Act, would not have been able to exercise jurisdiction at that time. Its definition of home state is the same as Connecticut's, Code of Virginia, 20-125 (5), so under Virginia law it was not the home state of the child at the commencement of the proceeding. However, while these sections provided additional authority for the courts of this state to exercise jurisdiction in 1996, they do not provide authority for the court to exercise jurisdiction now. Neither of them references the commencement of the proceedings as the point at which jurisdiction vests, in contrast to Section 46b-93 (a)(1)(A). Both of them relate to the child's present circumstances. CT Page 12196
Under the directive of the Appellate Court, this court is required to exercise jurisdiction if one of the jurisdictional requirements of Section 46b-93 is met. Margulies v. Cassano,52 Conn. App. 116, 121 (1999). It is not necessary, therefore, to reach the other grounds for jurisdiction advanced by the defendant. However, the defendant's claim that he is not properly before the court because of lack of service requires consideration. The court finds that the claim was made prior to the appeal was raised during the appeal. See, Brief ofPlaintiff-Appellant, Appellate Court, January 15, 1998, p. 4. Accordingly, the court finds that this issue has been litigated. The plaintiffs claim regarding service of process is denied.
The parties are ordered to schedule a status conference to be held on or before September 17, 1999 to schedule the case for a hearing. Prior to the hearing, the parties will meet with family relations as is required in all post-judgment matters.
BY THE COURT,
Gruendel