[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION FORATTORNEY'S FEES
Plaintiff Virginia H. Phifer, contending this court no longer has jurisdiction to modify the judgment in this case, has moved to dismiss various motions filed by the defendant seeking modification of support, custody and visitation orders. The plaintiff also requests an award of attorney's fees. The motion to dismiss is granted as to the custody and visitation issues. It is denied as CT Page 6799 to support issues. The motion for attorney's fees is denied.
Plaintiff Virginia H. Phifer and defendant Ronald I. Viola have one minor child, Justine Elizabeth Phifer, who was born on September 16, 1986. The child has always lived with her mother. The plaintiff and defendant have never married. On September 21, 1989, plaintiff commenced a proceeding in this court against defendant to establish paternity, custody, and child support. On August 14, 1990, the parties entered into a written agreement concerning custody, visitation, support, and other issues involving Justine. The agreement was approved by this court (Driscoll, J.) on August 14, 1990. The court incorporated the agreement by reference into a judgment dated August 14, 1990. The agreement provides that Connecticut law will be applied in the construction or enforcement of the agreement "wherever and whenever undertaken."
When the plaintiff commenced the initial litigation in 1989, she lived in Connecticut. The defendant also lived in Connecticut. The defendant presently resides in Brookfield, Connecticut.
On September 9, 1991, plaintiff filed a motion requesting that she be permitted to relocate with Justine to the State of Kentucky. The parties resolved this dispute by entering into an oral stipulation before the court (Karazin, J.) on September 23, 1991. The agreement was incorporated into a supplemental judgment. On October 3, 1991, plaintiff relocated with Justine to Kentucky where she and the child still reside.
The parties dispute whether Connecticut or Kentucky has jurisdiction to modify the custody and visitation orders. The Parental Kidnapping Prevention Act ("PKPA") is a federal statute which governs jurisdictional questions on interstate custody litigation. 28 U.S.C. § 11738A (1980). Under the PKPA, a state such as Kentucky may not modify a custody judgment of another state unless the state which made the initial custody determination no longer has jurisdiction or declines to exercise it. "In language that is subject to little or no misinterpretation the jurisdiction of the initial court continues to the exclusion of all others as long as that court has jurisdiction under the law of that state and the state remains the residence of the child or any contestant." Baron, Federal Preemption in the Resolution of Child Custody Jurisdiction Disputes, 45 Ark. L.R. 885, 901 (1993). Under the PKPA, Connecticut has continuing and exclusive jurisdiction to modify custody orders if three requirements are met: (1) Connecticut's initial order was entered consistently with the PKPA; CT Page 6800 (2) the child or a contestant continues to reside in the state, and (3) Connecticut has jurisdiction under its own laws. 28 U.S.C. § 11738A(d) There is no dispute in this case over the first two requirements: (1) the initial custody order was entered consistently with the PKPA; and (2) the defendant resides in Connecticut. The parties' dispute the third requirement.
Does this court have jurisdiction under the law of Connecticut? "The Superior Court's jurisdiction to modify an order regarding visitation of a minor child is conferred and limited by statute. General Statutes § 46b-56(a) provides, in pertinent part: `In any controversy before the superior court as to the custody or care of minor children, and at any time after the return day of any complaint under § 46b-45, the court may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of chapter 815o.'" Kioukis v. Kioukis,185 Conn. 248, 251-2, 440 A.2d 894 (1981). Chapter 815o of the General Statutes is the Uniform Child Custody Jurisdiction Act (UCCJA). General Statutes §§ 46b-90 through 46b-114.
The only provision of the UCCJA which may give this court jurisdiction under the facts of this case is § 46b-93(a)(2). This subsection provides "(a) the superior court shall have jurisdiction to make a child custody determination by initial or modification decree if . . . (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships. . . ." "This subsection involves a statutory `best interest of the child' test. . . ." Kioukis v. Kioukis,185 Conn. 249, 257, 440 A.2d 894 (1991). "[J]urisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state." Kioukis v.Kioukis, supra at 249.
Justine has developed significant contacts in Lexington, Kentucky. Justine and her mother have lived in Lexington since October 3, 1991. For the past three years, Justine has attended a private school in Lexington. She is now in the second grade. She CT Page 6801 participates in Brownies and Sunday school and takes riding and gymnastic lessons. Justine's psychologist is located in Lexington as are her pediatrician and other medical service providers. Justine's grandfather lives in Lexington and visits her several times a week. A nanny who supervised Justine's visitation with her father in the summer of 1992 also lives in Kentucky.
Justine's contacts with Connecticut are limited. She moved to Kentucky when she was five years old. She never attended school in Connecticut. Her only contacts with Connecticut occur when she visits her father. The visitations have occurred not only in Connecticut but also in California, Florida, Kentucky and Vermont. The defendant father has two teenage children who live in Farmington, Connecticut. Justine has spent time with these children when visiting her father in Connecticut and Vermont.
After applying the "best interests of the child test," this court concludes that Kentucky, not Connecticut, has jurisdiction over custody and visitation. Justine's contacts with Connecticut have become attenuated since she moved to Kentucky with her mother on October 3, 1991. There is now little evidence in Connecticut concerning the child's welfare. There is, on the other hand, substantial evidence in Kentucky concerning the child's present and future care, protection, training and personal relationships. The child's ties with Kentucky concern family, school, church, recreation, psychological and medical care. The child now has more significant connections with Kentucky than Connecticut.
The motion to dismiss is granted as to visitation and custody issues. The motion is denied as to support issues. The motion for attorney's fees is denied. CT Page 6802