[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
In this post-judgment proceeding, defendant Dennis Berger seeks to enforce visitation rights with respect to the parties' youngest child, Jake. After this court indicated to the parties it was considering dismissal of the enforcement proceedings for lack of jurisdiction, the parties filed legal briefs on the jurisdictional question. The defendant claims this court has jurisdiction. The plaintiff asserts this court is an inconvenient forum. Because the court concludes that it no longer has CT Page 8357 jurisdiction to enter a child custody order, the motion for contempt is dismissed.
Several months after the parties' marriage was dissolved by this court on February 23, 1989, the plaintiff along with the parties' five children moved to Cohassett, Massachusetts, where she and the children have continued to reside. The defendant moved to New York City a few months after the dissolution.
In November of 1993, the defendant filed the motion for contempt which is the subject of this proceeding. This motion is one of many which the parties have filed in this court and the Massachusetts Probate and Family Court. The defendant alleges in his present motion that the plaintiff has not permitted him to visit with the parties' youngest child, Jake, in over two years. Jake is seven years old.
This court's continuing jurisdiction to enter orders relating to care, custody and visitation of children is conferred and limited by statute. Kioukis v. Kioukis, 185 Conn. 248, 251-2,440 A.2d 894 (1981). General Statutes § 46b-56 (a) provides, in pertinent part, that this court "may at any time make or modify any proper order regarding the education and support of the children and of care, custody and visitation if it has jurisdiction under the provisions of Chapter 815(o)." Chapter 815(o) of the General Statutes is Connecticut's version of the Uniform Child Custody Jurisdiction Act ("UCCJA").
The only provision of the UCCJA which may give this court jurisdiction under the facts of this case is § 46b-93(a)(2). This subsection provides "(a) the superior court shall have jurisdiction to make a child custody determination by initial or modification decree if . . . (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships. . . ." "This subsection involves a statutory `best interest of the child' test. . . ." Kioukis v. Kioukis, 185 Conn. 249,257, 440 A.2d 894 (1991). "[J]urisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must CT Page 8358 be maximum rather than minimum contact with the state." Kioukis v.Kioukis, supra at 249. The parties agree that the only contacts the child has had with Connecticut occurred more than two years ago when the child occasionally visited the father at the father's vacation house which he rents in Madison. Thus, there is no evidence in Connecticut concerning the child's present and future care, protection and personal relationships.[1] This court does not have jurisdiction under § 46b-93(a)(2).
The Parental Kidnapping Prevention Act ("PKPA") is a federal statute which governs jurisdictional questions on interstate custody litigation. 28 U.S.C. § 1730A (1980). One of the purposes of the act is to avoid conflicting decrees in interstate child custody disputes. Courts of other states have held that the PKPA preempts state law and must be honored in every interstate custody proceeding. Blanton v. Blanton, 463 So.2d 162, 164 (Ala. 1985);Arbogast v. Arbogast, 327 S.E.2d 675, 679 (W.Va. 1984). "[A] finding of jurisdiction under the UCCJA may be abrogated by conflicting provisions of the PKPA." Steckel v. Blafas, 549 So.2d 1211
(Fla.App. 4th Dist. 1989). Under the PKPA, Connecticut has continuing and exclusive jurisdiction to enforce and modify custody orders if three requirements are met: (1) Connecticut's initial order was entered consistently with the PKPA; (2) the child or a contestant continues to reside in the state; and (3) Connecticut has jurisdiction under its own laws. 28 U.S.C. § 1730A(d). Jake and his parents have not resided in Connecticut in over four years. Since neither the child nor a contestant continue to reside in Connecticut, this court is without continuing jurisdiction under the PKPA despite the retained jurisdiction provision of the UCCJA.Dalhen v. Dalhen, 393 N.W.2d 765 (N.D. 1986); Steckel v. Blafas,549 So.2d 1211 (Fla.App. 4th Dist. 1989).
The motion for contempt is dismissed.
THIM, JUDGE