[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISSAND DEFENDANT'S MOTION TO REOPEN JUDGMENT
The parties agreed and stipulated to waive a hearing on these motions and that the court should decide the issues on legal briefs submitted by counsel.
The background facts establish that the marriage of the parties was dissolved on November 13, 1990 (Bassick, J.). Among its orders, the defendant was granted supervised visitation limited to four times a year CT Page 4528 in California with the minor child, Richard Kristofer Conger-Muller who was born November 7, 1989. The child has lived in California with the plaintiff his entire life and is now five and one-half years old.
The following additional facts are relevant to the two motions, plaintiff's motion to dismiss for lack of subject matter jurisdiction and the defendant's motion for contempt and to modify visitation.
The parties were married in Greenwich, Connecticut on May 14, 1989 and separated four months later when the plaintiff moved to California on September 5, 1989. She commenced the dissolution action on September 23, 1989, and their child was born in California on November 7, 1989.
The trial before Judge Bassick lasted six days and all parties were represented by counsel including the child. The predominant issue litigated was the defendant's visitation rights.
In an extensive memorandum of decision, the court found the defendant at fault for the marital breakdown by his abusive behavior and because of his control and manipulation of the plaintiff who felt helpless and in fear of him. Dr. Evan Stack testified that the plaintiff was a battered woman. Dr. Eduardo Baez prepared a court ordered psychological evaluation and testified the plaintiff experienced numerous instances of threats, physical intimidations and control by the defendant. He concluded the defendant evidenced psychopathology bordering on paranoia, delusional thinking, poor impulse control and a great deal of uncontrollable anger that put the plaintiff and the minor child in danger. Dr. Baez recommended that visitation be in a highly structured and supervised setting. (See pages four through seven, Memorandum of Decision dated November 13, 1990, Bassick, J.) Judge Bassick's limited and restricted visitation orders in California, his sole custody order to the plaintiff and other conditions were based on these findings of abuse. The court retained jurisdiction of its visitation orders for three years (to November 13, 1993). (See pages 11, 12 and 13, Memorandum of Decision dated November 13, 1990, Bassick, J.)
The defendant contends that the plaintiff should not be permitted to claim lack of this court's jurisdiction under the Uniform Child Custody Jurisdiction Act ("UCCJA") and Connecticut law because between October 27, 1992 through August 26, 1993 there were ten court hearings held on numerous contempt, child support and visitation orders filed by both parties. He argues that the three year limit to file visitation motions in Judge Bassick's visitation orders cannot be selectively invoked and that the UCCJA applies as to custody proceedings and not CT Page 4529 visitation issues and child support issues. By definition, a custody proceeding includes visitation. (See C.G.S. § 46b-92 Definition) The four superior court decisions the defendant submitted are all distinguishable on the facts and are not applicable to these motions.
The pivotal questions to be answered here is whether Connecticut or California has jurisdiction the UCCJA Sec. 46b-93 (a)2 which provides as follows:
 "(a) the superior court shall have jurisdiction to make a child custody determination by initial or modification decree if . . . (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships. . . ."
"This subsection involves a statutory `best interest of the child' test. . . ." Kioukis v. Kioukis, 185 Conn. 249, 257, 440 A.2d 894 (1991). "[J]urisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state." Kioukis v. Kioukis, supra at 249.
The court finds that the child has had no contacts in Connecticut since birth. The child has lived in California with the plaintiff for the past five and one-half years. All his medical, school or other records are in California. Any and all information to determine what is in the child's best interest now would be found in California.
After applying the best interest of the child test, the court concludes that California and not Connecticut has jurisdiction. The plaintiff and the child's medical, psychological and school providers would be required to come from California to testify in Connecticut.
The court has also considered all the factors set forth in § 46b-97 of the Connecticut General Statutes (Inconvenient Forum) of the UCCJJ, subparagraph (c) 1 through 5. It believes it would be in this child's best interest to decline jurisdiction because all the child's CT Page 4530 connections are in California and not in Connecticut. In addition, the judgment requires the plaintiff to give notice to a designated individual and her attorney as to her address in California.
For all the foregoing reasons, the plaintiff's motion to dismiss for lack of jurisdiction as to the visitation issue is granted.
The defendant's motion to reopen judgment alleges that the plaintiff failed to disclose $300,000 of income as shown on her 1990 tax return. (Defendant's exhibit 1.) The court finds that this financial information was submitted on the plaintiff's financial affidavit dated October 17, 1989, prior to judgment, and the defendant's claim, raised almost five years later, is without merit. The defendant also conducted extensive discovery, deposed the plaintiff and had ample opportunity to cross-examine her at the trial in 1990. In any event, the capital gains income, which the defendant now alleges was withheld, was attached to the plaintiff's 1990 financial affidavit. The plaintiff's defenses of laches and equitable estoppel outlined in her legal brief are sustained.
Accordingly, the defendant's motion to reopen the judgment is denied.
The defendant's motion for attorney's fees in the amount of $9,636.77 is denied. Each party shall pay his or her own attorney's fees.
ROMEO G. PETRONI, JUDGE