[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR CONTEMPT (132)
On December 1, 1990, the plaintiff, Ann B. Conway, filed a complaint seeking the dissolution of her marriage with the defendant, Kevin P. Conway, and custody of their child, Jennifer M. Conway, born December 8, 1987. The court rendered a judgment of dissolution on January 1, 1992, and ordered joint legal custody, with physical residence going to the plaintiff. The court further CT Page 10959 ordered a visitation schedule. On August 16, 1993, the parties entered into an agreement for a modification of the judgment. The modification permitted the plaintiff to relocate to Ireland with Jennifer and established "parenting time" with the defendant. This "parenting time" consists of 8-9 weeks during the summer, spring vacation, alternate October vacations, and two-thirds of the Christmas vacation. The modification also provides for telephone contact.
The defendant filed a motion for contempt to prohibit interference with visitation and telephone contact, on April 10, 1995, and a memorandum of law in support his motion for contempt on June 5, 1995. Service was made upon the plaintiff's attorney in accordance with paragraph 12 of the modification.
In his memorandum of law the defendant states the following. Subsequent to the modification, the plaintiff's new husband was transferred, whereupon the plaintiff relocated to Belgium with Jennifer. On March 7, 1995, the defendant received a letter from the plaintiff informing him that the results of a DNA test show that her present husband is the biological father of Jennifer, and that she has informed Jennifer of those results. On the same day the plaintiff informed the defendant that, as she did not consider him Jennifer's father, he would no longer be allowed visitation. Subsequently, the defendant received notice that the plaintiff is seeking to terminate his parental rights in the Juvenile Court in Brussels, Belgium.
The issue presented is whether this court has jurisdiction to determine a motion for contempt when the child resides in Belgium. Under Chapter 8150, the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes § 46b-93(a)(1) provides that "[t]he superior court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state . . . ."
"In order to achieve interstate uniformity in custody matters, the UCCJA limits custody jurisdiction to the state where the child has his home or where there are other strong contacts with the child and his family." (Internal quotation marks omitted.) OzkanCT Page 10960v. Ozkan, 18 Conn. App. 73, 76, 556 A.2d 628 (1989). The Supreme Court determined that the UCCJA "expresses a preference that jurisdiction to modify an existing decree is reserved for the state that rendered the initial decree." Kioukis v. Kioukis, 185 Conn. 249,254, 440 A.2d 894 (1981). Nevertheless, "[t]he first state's exclusive jurisdiction . . . does not continue indefinitely. At some point the child's connections with the first state become too tenuous to satisfy the demands of § 46b-93." Id., 256. Furthermore, in determining the home state of the child, the term "proceeding" as used in § 46b-93 refers to defendant's motion for contempt, filed April 10, 1995, "and not to the original complaint seeking dissolution of the marriage of the parties . . . . To hold that the `proceeding' refers to the original dissolution action would confer perpetual jurisdiction over matters of custody to the courts of the state which granted the dissolution, regardless of whether the parties or child had any further connection with the state." Id., 257.
The defendant states in his memorandum of law that visitation of Jennifer proceeded in accordance with the agreed modification until the spring of 1995. The defendant filed his motion for contempt on April 10, 1995. The facts demonstrate that Jennifer resided in Connecticut from her birth on December 8, 1987, until she was relocated overseas in 1993. Further, pursuant to the agreed modification of judgment, Jennifer has never left Connecticut for more than, at most, four to five months at a time. The court inKaye v. Kaye, 6 Conn. L. Rptr. 711, 712 (1992) (Karazin, J.) determined that when parties have joint custody, a child is a resident of Connecticut when the child is living with the resident parent. Because Connecticut was the "home state" to shift, Connecticut remains her "home state" for purposes of custody jurisdiction.
Regarding jurisdiction over the plaintiff, the modification of August 16, 1993, provides in paragraph 12 that "[t]o the extent permitted by law, Connecticut shall retain jurisdiction. Attorney Edward Nusbaum and Attorney Arnold Rutkin shall be agents for service for their respective clients." Furthermore, in Drew v.Drew, 8 Conn. L. Rptr. 301 (1993) (Moran, J.), in which the parties had stipulated that Connecticut retained jurisdiction, the court stated that in a motion for contempt the object of the motion was the plaintiff, not the child, and that custody and visitation are not at issue "although admittedly visitation is derivative of the motion for contempt. It is axiomatic that the State of Connecticut has continuing jurisdiction over its judgments CT Page 10961 and the parties thereto." Accordingly, this court has jurisdiction over the plaintiff.
The defendant also claims jurisdiction through the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A. The Supreme Court determined in Brown v. Brown, 195 Conn. 98, 120,486 A.2d 1116 (1985), that "[w]hile the PKPA creates a preference for the home state, `it does not significantly disrupt the jurisdictional provisions of [the] UCCJA.'" "Under the PKPA, Connecticut has continuing and exclusive jurisdiction if three conditions are met: (1) Connecticut's initial order was entered consistently with the PKPA; (2) the child or a contestant continues to reside in the state, and (3) Connecticut has jurisdiction under its own laws."Phifer v. Viola, 12 Conn. L. Rptr. 14. 9 CSCR 768, 769 (June 16, 1994) (Thim, J.). The initial order was entered consistently with the PKPA as both parties were residents of Connecticut at the time. The defendant continues to reside in Connecticut, and, as discussed above, Connecticut is the home state of Jennifer. Therefore, the court also has jurisdiction under the PKPA.
A hearing on the defendant's motion shall be scheduled with adequate notice to the plaintiff.