431 A.2d 341

**Wilsie M. HAYNES and Vernon H. Haynes, Appellants,**

**v.**

**Roxanne WILLOCK a/k/a Roxanne Haynes.**

Superior Court of Pennsylvania.

Argued April 20, 1981.

Filed June 19, 1981.

Petition for Allowance of Appeal Denied Sept. 30, 1981.

Howard J. Gallagher, III, Media, for appellants.

John M. Kenney, Media, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

This case comes to us from the Court of Common Pleas of Delaware County and concerns the issue of whether said court has the jurisdiction to conduct a custody hearing of one Crystal Dawn Haynes, a minor, who was born on November 29, 1973.

Wilsie and Vernon Haynes, the petitioners and appellants in this matter, are the putative grandparents of Crystal Dawn Haynes. The child's parents were never married and the natural father is currently serving a prison sentence in Virginia, by transfer from Pennsylvania, for the crime of attempted murder. The child's mother currently resides with her mother in Upper Darby Township, Pennsylvania.

The child is a first grade student at the Drexel Hill Elementary School in Upper Darby Township.

The child was born subsequent to her father's incarceration. He was a member of the Pagan motorcycle club and was convicted of the aforesaid crimes in Pennsylvania but has been permitted to serve his time in a Virginia prison. At the time of the child's birth in 1973, her mother was 17 years of age; the father was 35. The child was born in Virginia. After the child finished her kindergarten year in school in Virginia her mother took her to Delaware County to reside with her and with the child's maternal grandmother. She had been planning this move for nine months.

On May 15, 1980, the appellants, residents of Virginia with whom the child and her mother had been residing, filed a petition seeking custody of the child with the Juvenile Domestic Relations District Court of Dinwiddie County, Virginia. On August 12, 1980, the Virginia Court entered a temporary custody order granting custody to the appellants. This order was entered after a hearing at which the child and her mother did not appear as they had left Virginia for Pennsylvania in June of 1980. On September 16, 1980 the Virginia Court entered a second order granting permanent custody of the child to the appellants. Neither the child nor her mother appeared at the hearing conducted prior to this second order.

On October 23, 1980 the Court of Common Pleas of Delaware County entered the Virginia Court Order as its order. On October 31, 1980, a hearing was held before the Court of Common Pleas of Delaware County. Petitioners-appellants had sought enforcement of the aforesaid court orders. On November 3, 1980 the court below issued an order denying enforcement. The court below then directed that the custody case be heard in Delaware County. The petitioners then appealed that decision to our Court.

On appeal the contention of the appellants is that the Pennsylvania Court does not have jurisdiction to determine the issue of custody of Crystal Dawn Haynes. They argue that the child was born in Virginia, resided there for several

years, and that the only reason that the child's mother left Virginia with the child and came to Pennsylvania was to avoid the Virginia proceeding initiated by appellants. Appellants cite the Uniform Child Custody Jurisdiction Act, *11 P.S. § 2301 et. seq.*, and several recent appellate court decisions in support of their contention. Appellants' argument centers upon their belief that the only reason the mother left Virginia was to avoid the Virginia proceedings and that the policy of the Uniform Child Custody Jurisdiction Act, supra, is to deter parties from removing children from one jurisdiction to another to avoid custody orders. However, *11 P.S. § 2302(3)* provides that one of the declared purposes of the Act is to:

> "Assure that litigation concerning custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning the care, protection, training and personal relationships is most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state."

In the instant case the permanent residence of the child's mother is in Delaware County, Pennsylvania with her mother. The child attends first grade in Delaware County, is engaged in Brownies there, is active in such activities as school plays, and has made a number of friends there which she could not do in Virginia due to the relative isolation of the appellants' home. The child never resided solely with her grandparents in Virginia but resided with her mother who was living with appellants. The purpose of the Uniform Child Custody Act is to prevent the "kidnapping" or "snatching" of children from one jurisdiction to another. In the instant case the child's mother had been residing in Virginia but had made plans to move to Pennsylvania immediately after the school year had ended. Under these circumstances we hold that sufficient contacts with Pennsylvania have been shown to confer jurisdiction of this matter on the Court of Common Pleas of Delaware County.

We affirm the decision of the court below and remand the case back to the court for a full custody hearing.