458 A.2d 972

**Rochelle Levin HOVAV, Appellant,**

v.

**Yerucham HOVAV.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1982.

Filed March 31, 1983.

Petition for Allowance of Appeal Denied Aug. 1, 1983.

306

Michael J. Rotko, Philadelphia, for appellant.

Bruce L. Goldenberg, Norristown, for appellee.

Before HESTER, WICKERSHAM and POPOVICH, JJ.

WICKERSHAM, Judge:

This case arises out of a custody dispute between Rochelle Levin Hovav and Yerucham Hovav, who are the parents of two minor children. On November 23, 1981, Rochelle Hovav filed a complaint in divorce against Yerucham Hovav in the Montgomery County Court of Common Pleas. The divorce complaint contained a petition for custody of the couple's children. A custody hearing was scheduled before the Honorable Horace A. Davenport on August 18, 1982.

Both Rochelle and Yerucham Hovav were present at the hearing and were represented by counsel. Judge Davenport took no testimony at the hearing but decided, on the basis of the Uniform Child Custody Jurisdiction Act,[1] that

1. The Uniform Child Custody Jurisdiction Act is found at 42 Pa.C.S. § 5341 et seq. and will be referred to as either the UCCJA or the Act.

his court was without jurisdiction to hear the case. This appeal was taken; appellate briefing [2] and argument followed on an expedited basis.

Rochelle Levin left her home in Pennsylvania and went to Israel. While in that country she met Yerucham Hovav, and the two were married on May 25, 1975. Rochelle and Yerucham Hovav had two children: Adam, a son born on September 23, 1976 and Adi, a daughter born on February 2, 1979. The family lived on Kibbutz Negbe.

Relations between husband and wife deteriorated and the couple separated, although both remained on the kibbutz. Rochelle Hovav wanted to return to the United States so the children could visit with their maternal grandparents. As part of the arrangements for this visit Rochelle and Yerucham Hovav signed an agreement which provided, *inter alia,* that Rochelle Hovav would not begin divorce proceedings in the United States, that the children would be returned to Israel and that custody of the children would be decided by an Israeli court.

Within several weeks of her return to Pennsylvania, Rochelle Hovav began divorce and custody proceedings. Yerucham Hovav sought a determination of the custody issue in Israel. At a custody hearing the Israeli court heard testimony from Yerucham Hovav, the children's paternal grandfather, a kibbutz official, and the children's kindergarten teachers. Custody of the children was given to Yerucham Hovav.

Rochelle Hovav's first issue is:

Whether the lower court's refusal to hear testimony on the merits of Appellant's custody petition resulted in an insufficient record thus precluding review by this Court?

Brief for Appellant at 3.

Rochelle Hovav states that this court's review of custody decisions is of the broadest type and that to facilitate this review a hearing judge must conduct an extensive inquiry

---

2. Appellants were also permitted to file a supplemental brief. This supplemental brief essentially reiterates the contentions advanced in the first brief filed.

and support his decision by a full discussion of the evidence. Here, the lower court took no testimony on the merits of the mother's custody petition; Rochelle Hovav contends that the lower court's decision must therefore be reversed and remanded for further proceedings.

■ It is of course true that there can be no effective review of the *merits* of a lower court's custody determination without a complete record and a comprehensive opinion from the lower court. *In re Custody of J.S.S.,* 298 Pa.Super. 428, 444 A.2d 1251 (1982). Yet in this case, the lower court's decision went not to the merits of Rochelle Hovav's petition, but rather to its jurisdiction to hear the petition at all. The UCCJA provides that where the existence or exercise of jurisdiction is questioned, the case shall be handled expeditiously. 42 Pa.C.S. § 5366. Accordingly, the lower court correctly decided the jurisdiction issue before examining the merits of the case. There was enough information before the lower court to enable it to decide the question and it is not necessary to remand for further proceedings on this issue.

■ Rochelle Hovav's second issue is:

Whether, in a child custody case, it was proper for the lower court to refuse jurisdiction without considering the best interests of the children?

Brief for Appellant at 3.

Rochelle Hovav believes it was error for the lower court to decide a question of jurisdiction without reference to the best interests of her children, Adam and Adi. The question before the court was not, however, who should have custody of the children but whether the court had jurisdiction over the custody dispute. Both the UCCJA and Pennsylvania case law support the decision of the court below to decline to exercise jurisdiction.

The Act provides that:

The general policies of this subchapter extend to the international area. The provisions of this subchapter relating to the recognition and enforcement of custody

decrees of other states apply to custody decrees and decrees involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons.

42 Pa.C.S. § 5365. *See also, Hattoum v. Hattoum,* 295 Pa.Super. 169, 441 A.2d 403 (1982).

Here, the lower court had before it a custody decree issued by an Israeli court. The Israeli decree states, and Rochelle Hovav does not deny, that she had reasonable notice of and an opportunity to be heard at the Israeli proceedings, an opportunity she did not avail herself of. Even though Rochelle Hovav did not appear in the Israeli court, the foreign court's decision was not conditioned on her mere absence. The Israeli court heard testimony from witnesses who knew the children and made its decision to further the best interests of the children. Therefore, under 42 Pa.C.S. § 5365 and § 5354, the lower court properly refused to exercise jurisdiction over this case.

Case law interpreting the UCCJA and applying the Act to international custody disputes is in accord with refusal to take jurisdiction. In *Commonwealth ex rel. Zaubi v. Zaubi,* 492 Pa. 183, 423 A.2d 333 (1980), our supreme court held that under the UCCJA our courts must recognize valid custody decrees from foreign nations, absent a showing (based on evidence not previously considered) that conditions in the custodial household are physically or emotionally harmful to the children. *Id.,* 492 Pa. at 185–86, 423 A.2d at 334. *See also, Commonwealth ex rel. Piggins v. Kifer,* 285 Pa.Super. 206, 427 A.2d 185 (1981). Here, of course, because the mother has physical custody of the two children, it is unlikely that she would argue that the custodial household is harmful to Adam and Adi. The mother did not even allege in her custody petition that the father's custody would be harmful to the children. Without even a bare allegation that Yerucham Hovav's custody would be harm-

ful to Adam and Adi the trial court correctly refused jurisdiction.

Rochelle Hovav's third issue is:

Whether, the lower court failed to apply the provisions of the Uniform Child Custody Jurisdiction Act which would have lead to its assumption of jurisdiction in this matter.

Brief for Appellant at 3.

Rochelle Hovav argues that the lower court should have assumed jurisdiction under 42 Pa.C.S. § 5344. That section of the Act provides that a court has jurisdiction over a child custody dispute if,

(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with the Commonwealth; and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child;

Under this section of the Act a court cannot assume jurisdiction unless the child and at least one contestant have a significant connection with the Commonwealth *and* there is available in Pennsylvania substantial evidence concerning present or future care of the child. Unless these requirements are satisfied there is no authority for a court to take jurisdiction under 42 Pa.C.S. § 5344.

■ In this case, the requirement that the child and one contestant have a significant connection with Pennsylvania was not satisfied. Rochelle Hovav, who is now a resident of this state, has a significant connection with the Commonwealth. Yet the children, Adam and Adi, do not have such a connection. The two children were born in Israel and have spent most of their lives in that country. Were it not for Rochelle Hovav's decision to keep the children in this state instead of returning them to Israel, the factor connect-

ing the children to Pennsylvania would have been their brief visit with their maternal grandparents. Because of the tenuous connection between this Commonwealth and the Hovav children, the jurisdictional test established by 42 Pa.C.S. § 5344(a)(2)(i) was not met.

■ Despite her failure to satisfy even the first part of the jurisdictional requirements of the Act, Rochelle Hovav argues that the court below erred by not taking testimony as to whether substantial evidence concerning the present or future care of the children was available in this state. We reject this contention. The jurisdictional requirements of the statute, found at 42 Pa.C.S. § 5344(a)(2)(i) and (ii) are conjunctive; there must be a significant connection between the child and one contestant and this Commonwealth *and* substantial evidence concerning the children's care must be available in this Commonwealth. There was no error in the lower court's decision not to take testimony as to the availability of evidence concerning the children's current care.

Rochelle Hovav's fourth issue is:

Whether the lower court erred in affirming the Israeli Court's jurisdiction based upon an agreement between the parties which of questionable validity.

Brief for Appellant at 3.

Rochelle Hovav argues that "[t]he lower court cannot summarily confer jurisdiction upon the Israeli court on the basis of a parental agreement where no testimony was allowed as to the agreement's validity." Brief for Appellant at 17. As Rochelle Hovav concedes, the agreement between Rochelle and Yerucham Hovav is part of the record in this case, nevertheless, Rochelle Hovav asserts that she signed the agreement under duress.

It is true that the lower court opinion (which was not available when briefs were prepared under an expedited schedule) refers to the agreement between Rochelle and Yerucham Hovav. Yet the lower court based its decision not on the agreement, but upon its interpretation of the

Act, Pennsylvania case law and the existence of an Israeli custody order. There was no error.

■■ In her supplemental brief Rochelle Hovav argues that the lower court abused its discretion by invoking principles of comity and deferring to the judgment of the Israeli court. Rochelle Hovav contends that the Israeli judgment rests upon religious and nationalistic principles rather than on the best interests of the children. We again note that the ruling in *Zaubi, supra,* is that our courts must recognize valid foreign custody decrees unless there is a showing that conditions in the custodial household would be harmful to the children. It is true that the Israeli decree cites religious principles but the decree also states that under both civil and religious law "there is an overwhelming principle which is the good of the child." R.R. at 29A. The Israeli court opinion points out that religious law supports the concept of deciding custody issues with reference to the best interests of the children. Under *Zaubi, supra,* the lower court correctly refused to modify the Israeli decree.

Order affirmed.