**Turk v. Turk**

*William T. Wilson,* for plaintiff.
*Edward M. Foley,* for defendant.

ENDY, *J.,* October 26, 1988 — Plaintiff is the ex-wife of defendant who is in the United States Air Force stationed at Okinowa Air Force Base in Japan. A custody action was filed in Chester County, and on the basis of an affidavit and stipulation of defendant which purported to consent to jurisdiction of this court, plaintiff obtained an ex parte order of custody on August 4, 1988. Defendant filed timely preliminary objections raising the question of jurisdiction, and alleging that the affidavit was procured by fraud. Hearing was held October 5, 1988 before the undersigned.

Defendant's preliminary objections must be sustained with respect to jurisdiction since his waiver and consent to jurisdiction is insufficient to invest this court with jurisdiction.

"Subject-matter jurisdiction cannot be supplied by waiver, estoppel or agreement of the parties. Where a tribunal has no authority to hear a particular type of case, actions of the parties cannot supply that authority." *Commonwealth Department of Public Welfare v. U.E.C. Inc.,* 483 Pa. Super. 503, 397 A.2d 779 (1979). Therefore, it must be determined if this court has jurisdiction, absent the waiver.

The Uniform Child Custody Jurisdiction Act (UCCJA), 42 Pa.C.S. §5341 et seq., provides the criteria for determination of this court's jurisdiction. The UCCJA confers jurisdiction to the commonwealth if

it is or has been, within six months of the proceeding, the home state of the child. Section 5343 of the act defines "home state" as the state in which the child immediately preceeding the time involved lived for at least six consecutive months. The child in this matter has never lived in Pennsylvania.

An alternative basis for jurisdiction is if it is in the best interest of the child that the court assumes jurisdiction. Best interests are defined as the child and at least one parent having significant connection with the state and the state having substantial evidence concerning the present and future care, training and personal relationships of the child available to it.

In *Hovav v. Hovav,* 312 Pa. Super. 305, 458 A.2d 972 (1983), the best-interest standard was applied to a similar situation. In that case, the Pennsylvania court refused to award a mother custody of her children who were born and raised in Israel. An Israeli court had already determined that custody should be with the father. The children's only connection with Pennsylvania was a brief visit with their maternal grandparents.

The best-interest test of section 5344(a)(2) was not satisfied in *Hovav,* and for similar reasons is not satisfied here. While Mrs. Turk and Mr. Turk may have a significant connection with Pennsylvania, the child does not have such a connection.

It appears that father and child are domiciled in Pennsylvania. Mr. Turk has retained his Pennsylvania domicile while stationed in Japan. "It is well-settled that a minor child has the same domicile as his or her parents." *Greenwood v. Hidebrand,* 357 Pa. Super. 253, 515 A.2d 963 (1986). Domicile, however, appears to be the child's only connection with the state.

The child does not live nor has she ever lived in

Pennsylvania. Neither of her parents is currently living in Pennsylvania. The child was born in New Hampshire and has lived in Japan since March 1986. The child was· attending school in Japan. Because of the tenuous connection between this commonwealth and the Turk child, the jurisdictional test established by 42 Pa.C.S. §5344(a)(2) is not met.

None of the remaining factors outlined in 42 Pa.C.S. §5344 which would grant jurisdiction to this court are applicable in this matter. The child is not now physically present in Pennsylvania and has not been abandoned nor is she in danger of mistreatment, abuse or neglect. In addition, another more appropriate forum (Japan) has exercised jurisdiction.

Pennsylvania courts must accept custody determinations of foreign countries in certain situations. "Case law interpreting the UCCJA and applying the act to international custody disputes is in accord with refusal to take jurisdiction. . . . Our Supreme Court held that under the UCCJA our courts must recognize valid custody decrees from foreign nations absent a showing that conditions in the custodial household are physically or emotionally harmful to the children." *Hovav, supra.* No such harmful conditions existed in *Hovav* nor do they exist in this matter.

Section 5344 of the UCCJA states that Pennsylvania courts must "recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this subchapter. . . ."

"The courts of this commonwealth are not free to disregard all custody decrees emanating from those states which have not adopted this act." *Tettis v.*

*Boyum*, 317 Pa. Super. 8, 463 A.2d 1056 (1983). The intent of the UCCJA has always been that its general policies shall apply to international custody cases as well. *Hattoum v. Hattoum*, 295 Pa. Super. 169, 441 A.2d 403 (1982).

Section 5365 of the UCCJA states:

"The general policies of this subchapter extend to the international area. The provisions of this subchapter relating to the recognition and enforcement of custody decrees of other states apply to custody decrees and decrees involving legal institutions similar in nature to custody institutions rendered by appropriate authorities of other nations if reasonable notice and opportunity to be heard were given to all affected persons."

For these reasons Pennsylvania must abide by the Japanese decree so long as the Japanese court practices similar jurisdictional standards. According to the Code of Civil Procedure of Japan (1979) (as translated), "A suit shall be under the jurisdiction of this court located in the place where the general forum of a defendant exists. The general forum of a person shall be determined by his domicile. In the case he has no domicile in Japan . . . his general forum shall be determined by his residence." The memorandum provided by the Japanese translator at Mr. Turk's base further provides that according to Article 52 of the Japanese Rule on Adjudgement of Domestic Relation, "[t]he family court where the child is residing at shall exercise jurisdiction over adjudgment for the custody of the child."

Japanese law apparently confers jurisdiction on the home state of the child, as does the UCCJA, warranting recognition of Japanese custody decrees by Pennsylvania courts.

Having determined that defendant's preliminary

objections with respect to jurisdiction are sustained, the issue of fraud is moot.

## ORDER

And now, October 26, 1988, having determined that this court lacks jurisdiction to make or modify any custody decree concerning the subject child, it is hereby ordered:

(1) The prior orders of August 4, 1988, and October 5, 1988, are rescinded.

(2) The preliminary objections of defendant are sustained and the petition for custody is dismissed.