[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#106.00)
Before the court is the defendant's motion to dismiss the plaintiff's post-judgment motion to modify visitation. The court held an evidentiary hearing on this motion. From the evidence presented and matters of record, the court finds the following facts.
The plaintiff and the defendant married in 1983 in Pennsylvania. Their marriage was dissolved on March 7, 1995, also in Pennsylvania. At the time of the dissolution, there were two children issue of the marriage, then ages three and one.
The parties entered into a "marital property agreement" which was incorporated into the decree of divorce. There are several provisions of that agreement which are relevant here. The parties agreed that they would have shared legal custody of the children and that the plaintiff would have primary physical custody. The defendant was given "partial physical custody which shall be as extensive and as liberal as the parties agree, consistent with the convenience of the parties and the children and the best interest and welfare of the children." Decree, ¶ 21, p. 17. The parties further provided that "the Court of Common Pleas which may enter such divorce decree shall retain continuing jrisdiction over the parties and the subject matter of the Agreement for the purpose of enforcement of any of the provisions thereof." Decree, ¶ 12, p. 12. Further, the parties agreed CT Page 11880 that "This Agreement shall be governed by the laws of the Commonwealth of Pennsylvania." Decree, ¶ 16, p. 15.
On July 31, 1996, the parties entered into a further "custody agreement." The basis for this further agreement was that the plaintiff intended to remarry imminently and relocate on a permanent basis with the children to Greenwich, Connecticut. The defendant assented to the relocation subject to the modification of visitation set forth in that further agreement. The agreement allowed for, inter alia, the defendant to have alternate weekend visitation with the children in Pennsylvania, the sharing of holidays and school vacations, and the defendant having the children for four weeks during the summers. This agreement was never made an order of the court.
Since approximately July, 1996, the defendant has had visitation with his children on every other weekend, and on certain holidays, school vacations, and summer vacations in Pennsylvania. When the defendant has the children in Pennsylvania, they visit with the defendant's family, as well as the plaintiff's extended family, there. The children participate in organized weekend activities in Pennsylvania, such as gymnastics and soccer. The children are enrolled in school in Connecticut. They also have a half-sibling, issue of the plaintiff's new marriage here. The children have pediatricians both in Connecticut and Pennsylvania.
On or about June 25, 1998, the plaintiff filed a certificate of filing and a notice of filing of the Pennsylvania matrimonial judgment in accordance with C.G.S. § 46b-70, et seq. On or about July 28, 1998, the plaintiff filed a post-judgment motion to modify the Pennsylvania decree with respect to visitation. She alleges that the children, now ages seven and five, have resided continuously in Connecticut since August, 1996; that Connecticut is the home state of the children; that since approximately August, 1996 the defendant has had alternate weekend visitation and alternate Christmas holidays, with a division of driving responsibilities, and that "the existing visitation schedule is inconsistent with the current best interests of the minor children and is substantially inconvenient both to her and to the minor children." Therefore, the plaintiff has moved for an order modifying the existing visitation schedule.
On or about August 26, 1998, the defendant filed the subject CT Page 11881 motion to dismiss the plaintiff's post-judgment modification proceeding. He alleges that the plaintiff has not satisfied the requirements of C.G.S. § 46b-70, et seq., for the registration and modification of foreign matrimonial judgments, and that "Connecticut lacks jurisdiction over the matter and/or should decline to exercise any jurisdiction it may have," pursuant to the provisions of the Uniform Child Custody Jurisdiction Act, C.G.S. § 46b-90, et seq., and the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A. This court addresses the jurisdictional claims of the defendant, as it finds them to be dispositive.
C.G.S. § 46b-56(a) allows the Superior Court of Connecticut to make proper orders regarding the care, custody and visitation of children "if it has jurisdiction under the provisions of Chapter 815o" of the General Statutes. Chapter 815o is commonly known as the Uniform Child Custody Jurisdiction Act (hereinafter "UCCJA"). C.G.S. § 46b-90. The UCCJA does apply to the determination of visitation rights. C.G.S. § 46b-92(2) and (3); accord, Muller v. Muller, 43 Conn. App. 327,330 (1996).
C.G.S. § 46b-93(a) states under what circumstances a court of this state would have jurisdiction to make a child custody determination by initial or modification decree. An initial decree means the first custody decree concerning a particular child, C.G.S. § 46b-92(7), and a modification decree means a custody decree which modifies or replaces a prior decree, whether made by the court which rendered the prior decree or by another court. C.G.S. § 46b-92(8). The plaintiff contends that Connecticut has jurisdiction to make a child custody determination by initial or modification decree if,inter alia, Connecticut is the home state of the child at the time of commencement of the proceeding. C.G.S. § 46b-93(a)(1)(A). "Home state" means the state in which the child immediately preceding the time involved lived with a parent for at least six consecutive months. C.G.S. § 46b-92(6). The plaintiff therefore urges that this court has the jurisdiction to make a modification decree of the earlier Pennsylvania decree.
However, this reading of the statute as conferring jurisdiction does not heed C.G.S. § 46b-104(a). This statute provides that:
 "If a court of another state has made a custody decree, a CT Page 11882 court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter [815o] or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction." [Brackets added] C.G.S. § 46b-104(a).
C.G.S. § 46b-93 and § 46b-104 must be read in parimateria. See Tax Commissioner v. Estate of Bissell,173 Conn. 232, 245-6 (1977). Our Supreme Court in Kioukis v. Kioukis,185 Conn. 249 (1981) acknowledged the stated purposes of the UCCJA set forth in C.G.S. § 46b-91, as well as the basic scheme of the act. Kioukis, supra, at 252-253. Kioukis
cited a law review commentary by Bodenheimer, "The Uniform Child Custody Jurisdiction Act: The Legislative Remedy for Children Caught in the Conflict of Laws," 22 Vand. L. Rev. 1207, 1218 (1969), that "other states abide by the decision of the [original] custody court", and that "adjustments in visitations and other ancillary provisions of the decree are as a rule made by the original custody court." [Brackets added]. Kioukis, supra, at 253. The case also noted that C.G.S. § 46b-104(a), relating to modification of out of state decrees, "expresses a preference that jurisdiction to modify an existing decree is reserved for the state that rendered the initial decree." Kioukis,supra, at 254.
It follows, then, that a Connecticut court when asked to modify an out of state custody decree, should first consider the direction of § 46b-104(a), infra. The Connecticut court should inquire whether the out of state court rendering the original custody order still has subject matter jurisdiction.Muller, supra, at 332, footnote 5. The converse of this is stated in the UCCJA. It must "appear to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter . . ." (Emphasis added). Section 46b-104(a)(1). This directive, then, requires this court to determine, as best it can, whether Pennsylvania does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with Chapter 815o. Also, the court notes that this is not in contravention of the parties' own divorce agreement which provided that Pennsylvania should have continuing jurisdiction over the provisions of the agreement, and that the agreement CT Page 11883 should be interpreted according to the laws of the Commonwealth of Pennsylvania.
Pennsylvania has, in fact, adopted the UCCJA. See,23 Pa. C.S.A. §§ 5341 to 5366. 23 Pa. C.S.A. § 5344, captioned "Jurisdiction", is the sister provision to our § 46b-93. Both statutes establish the general class of custody cases which will be within the trial court's jurisdiction. Grynkewich v. McGinley,3 Conn. App. 541, 544 (1985). That section of § 5344 which must be considered is subsection (a)(2). It provides that:
 "It is in the best interest of the child that a court of this Commonwealth assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and (ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child . . ."
The court, then, examines Pennsylvania cases which have construed this subsection. It has been held that jurisdiction exists over a custody proceeding if it is the child's interest, not merely the interest or convenience of feuding parties, in determining custody. The interest of the child is served when the forum has optimum access to relevant evidence by child and family. Aldridge v. Aldridge, 326 Pa. Super. 49,473 A.2d 602, 605 (1984). The best interest of the child determines custody, and the court with proper jurisdiction has the power to redetermine such best interest where circumstances change.Hattoum v. Hattoum, 295 Pa. Super. 169, 441 A.2d 403, 407
(1982).
Pennsylvania courts have also spoken to whether the child and at least one of the parties has significant connections to that state. Some cases have held that there was jurisdiction in Pennsylvania based upon significant connections with that state,Joselit v. Joselit, 375 Pa. Super. 203, 544 A.2d 59, 63 (1988) (child born in and lived his entire life in Pennsylvania, child's parents lived in Pennsylvania until separation, and Pennsylvania was state of marital domicile); Moffitt v. Moffitt,356 Pa. Super. 142, 514 A.2d 184, 187 (1986) (child spent first CT Page 11884 several years of his life in Pennsylvania, and child's father returned to Pennsylvania to bring original custody action);Scheafnocker v. Scheafnocker, 356 Pa. Super. 118, 514 A.2d 172,176 (1986) (children lived in Pennsylvania for four years prior to moving out of state, and children had maternal grandparents and other relatives in Pennsylvania, and religious training and affiliation had been in Pennsylvania); Haynes v. Willock,288 Pa. Super. 167, 431 A.2d 341, 342-343 (1981) (permanent residence of child's mother and maternal grandmother was in Pennsylvania, child attended first grade in Pennsylvania and was engaged in school and extracurricular activities there). On the other hand, some Pennsylvania courts have found that they have no jurisdiction because of a lack of significant connections between the child and one of his parents, and that state. Blinkoff v. Blinkoff,335 Pa. Super. 10, 483 A.2d 929, 932 (1984) (children considered New York their home, nearly all of children's major involvements were centered in New York, and evidence in Pennsylvania was "meager"); Hovav v. Hovav, 312 Pa. Super. 305, 458 A.2d 972,975 (1983) (children were born in Israel and had spent most of their lives in that country); Adams v. Adams, 33 Pa. D. C. 3d 557 (1985) (child had been living in another county for more than six years prior to petition, and significant connections between the county and the child were absent).
Both Connecticut and Pennsylvania acknowledge the concept that "the purpose which pervades the [UCCJA] is to provide that child custody determinations will be made in the state where there is optimum access to evidence." (Citations omitted)Brown v. Brown, 195 Conn. 98, 112, footnote 21 (1985);Kioukis, supra, at 258; Aldridge, supra, at 605. While this court can see that the children of this marriage have a greater daily presence in Connecticut, this does not unequivocally and necessarily mean that there is optimum access to relevant evidence here. Pennsylvania, like Connecticut, has enacted those provisions of the UCCJA which permit acquisition of such evidence out of state so that it can be provided with facility in Pennsylvania. See, 23 Pa. C.S.A. §§ 5352, 5359, 5360 and 5363.
In sum, this court does not presume to say conclusively whether the courts of the Commonwealth of Pennsylvania would find jurisdiction over a modification request in this matter. However, this court likewise cannot say, that on the facts presented, Pennsylvania would not find jurisdiction, or cede jurisdiction to Connecticut under the principle of forum non conveniens
codified by statute. 23 Pa. C.S.A. § 5348. Connecticut has a CT Page 11885 similar forum non conveniens statute, C.G.S. § 46b-97. See also, Brown v. Brown, 195 Conn. 98, 106-113 (1985).
Since this court believes that a dispositive decision on the motion to dismiss can be reached on the basis of Connecticut's UCCJA, this court does not address the defendant's claims under the Enforcement of Foreign Matrimonial Judgments Act, § 46b-70, et seq., or the Parental Kidnapping Prevention Act,28 U.S.C. § 1738A. In any event, our Supreme Court has noted that "the PKPA, which is modeled on the UCCJA, `does not significantly disrupt the jurisdictional provisions of [the] UCCJA'. Brown v. Brown,supra, 120" [Brackets in original]. Perez v. Perez,212 Conn. 63, 69 footnote 6 (1989). Finally, the court declines the plaintiff's suggestion to contact the equivalent court of the Commonwealth to determine whether Pennsylvania or Connecticut should hear this modification request under C.G.S. § 46b-97. This is for two reasons. First, a forum non conveniens
determination now would be putting the cart before the horse, i.e., a court of either state must first determine that it has subject matter jurisdiction. "A court's decision on whether it has jurisdiction to make a child custody determination under General Statutes § 46b-93 should only be made after a plenary hearing and with a full explication of the facts essential to the decision (citations omitted) . . . A court's competence to make this jurisdictional analysis does not create subject matter jurisdiction over the merits of the proceeding."Grynkewich, 3 Conn. App. at 546. Second, this court believes that the strength of the jurisdictional linchpin deserves more than, at least under the present known facts of this case, an in camera communication between two courts. While it is statutorily authorized and has its time and place, this court does not believe that this is now the time or place.
For the foregoing reasons, the defendant's motion to dismiss is granted. However, in the event that either party seeks relief in Pennsylvania and that state finds that it no longer has jurisdiction or wishes to cede jurisdiction to Connecticut, the plaintiff may refile, without prejudice, in Connecticut.
So Ordered.
KAVANEWSKY, J.