**Max J. ZIMBICKI, Appellant,**

v.

**Karie Sue ZIMBICKI, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 19, 2002.
Filed Oct. 28, 2002.

Daniel H. Glasser, Pittsburgh, for appellant.

Mark R. Galzerano, Philadelphia, for appellee.

Before: LALLY–GREEN, BENDER, GRACI, JJ.

OPINION BY GRACI, J.

¶ 1 Appellant, Max J. Zimbicki ("Father"), appeals from an Order of Court entered in the Court of Common Pleas of Allegheny County on April 10, 2002, denying Father's Emergency Motion for a Custody Order and staying all proceedings in Allegheny County. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 Father and Appellee, Karie Sue Zimbicki ("Mother"), were married in 1988 and have three children ranging in ages from 7 to 11. Father received a temporary work assignment in Australia and the family relocated there in January, 2000. Mother and the children were only permitted to live in Australia as a result of Father's temporary work visa. The Zimbickis officially separated in early 2002. On March 6, 2002, Father's employer notified him that his assignment was complete and that

he should return to the United States. Mother decided to remain in Australia with the children and, to that end, sought custody in the Family Court of Australia at Newcastle. Mother also obtained temporary tourist visas for herself and the children, although she indicated in Australian court documents executed on March 14, 2002, that she had met an Australian citizen who was willing to sponsor her for a permanent visa. At Father's request, the Australian authorities cancelled the children's visas on April 16, 2002. For purposes of this appeal, we shall presume that Mother and the children continue to reside in Australia.

¶ 3 Father filed an Emergency Motion for a Custody Order in the family court in March 2002. Without hearing testimony on the issue of jurisdiction or the merits of Father's custody complaint, the family court found that it lacked jurisdiction to issue a custody decree under Section 5344 of the Uniform Child Custody Jurisdiction Act (the "UCCJA"), 23 Pa.C.S.A. § 5344, and, alternatively, that under Section 5348 of the UCCJA, 23 Pa.C.S.A. § 5348, Pennsylvania was an inconvenient forum for resolution of the parties' claims. Order of Court, 4/10/02. Father filed a Motion for Reconsideration, which the family court denied on April 24, 2002. This timely appeal followed.

¶ 4 Father raises the following issues for our consideration:

1.  Whether the family court erred by ignoring the provisions of the [UCCJA] in dismissing Father's custody matter without a hearing and ignoring substantial provisions of the UCCJA which clearly conferred jurisdiction over the custody matter?

2.  Whether the family court erred by denying Father substantive and procedural due process by dismissing the matter without a hearing?

## II. DISCUSSION

¶ 5 "When reviewing a trial court's decision not to exercise jurisdiction under the terms of the UCCJA, we will not reverse the trial court's decision unless the court abused its discretion." *Merman v. Merman*, 412 Pa.Super. 247, 603 A.2d 201, 203 (1992). Pursuant to Section 5344(a) of the UCCJA, a court of this Commonwealth has jurisdiction to make a child custody determination by initial decree if:

(1) this Commonwealth:

(i) is the home state of the child at the time of commencement of the proceeding; or

(ii) had been the home state of the child within six months before commencement of the proceeding and the child is absent from this Commonwealth because of his removal or retention by a person claiming his custody or for other reasons and a parent or person acting as his parent continues to live in this Commonwealth;

or

(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

(i) the child and his parents, or the child and at least one contestant, have a significant connection with (the state); and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training and personal relationships of the child.

23 Pa.C.S.A. § 5344(a). Subsection (a)(1) describes what is commonly referred to as "home state" jurisdiction, while subsection (a)(2) confers jurisdiction on the locale having the most "significant contacts" with the

child.[1] Finally, "the determination of jurisdiction must be made at the time of the commencement of the instant proceeding." *Black v. Black*, 441 Pa.Super. 358, 657 A.2d 964, 969 (1995), *appeal denied*, 542 Pa. 655, 668 A.2d 1119 (1995).

¶ 6 Father concedes that Australia has been the home state of the children since January 2000. Brief for Appellant at 11. Father contends, however, that Pennsylvania should exercise jurisdiction under the significant contacts theory. The family court considered and rejected this argument, finding no significant connections with respect to the information that would be relevant to a custody matter, i.e., "the present or future care, protection, training and personal relationships" of the children. 23 Pa.C.S.A. § 5344(a)(2)(ii).

■ ¶ 7 The family court noted that the children's teachers, doctors, child care providers and others who could best answer any questions regarding the lives of the children as related to the parents would all be found in Australia. Moreover, as the family court explained, the test is one of maximum rather than minimum significant contacts. *Dincer v. Dincer*, 549 Pa. 309, 701 A.2d 210, 215 (1997), *reargument denied* (Pa.1998). This comports with the overarching goal of the UCCJA to "limit jurisdiction rather than to proliferate it." 23 Pa.C.S.A. § 5344(a)(2), cmt. We have reviewed the record and agree with the family court that Pennsylvania's connection with the children is minimal at best.

The court, therefore, exercised sound discretion in determining that Pennsylvania lacks jurisdiction over this custody matter.

¶ 8 The family court also determined that Pennsylvania would be an inconvenient forum under Section 5348 of the UCCJA. Although intended only as an alternative holding, we must point out that the family court's reliance on this section is misplaced. As this Court has noted previously, "[t]his section only applies when there are concurrent forums which may properly exercise jurisdiction under the jurisdictional provisions of section 5344." *Black*, 657 A.2d at 970. Since the family court correctly concluded that Pennsylvania did not have jurisdiction under any jurisdictional provision of the UCCJA, it need not have addressed the issue of *forum non conveniens*.

■ ¶ 9 Father also claims that the family court's failure to conduct a hearing on the issue of jurisdiction violated Section 5345 of the UCCJA.[2] This Court has previously ruled upon this exact issue. *See Hovav v. Hovav*, 312 Pa.Super. 305, 458 A.2d 972, 974 (1983) (finding that lower court correctly decided jurisdiction issue before taking testimony on the merits of custody issue); *Black*, 441 Pa.Super. 358, 657 A.2d 964 (finding it unnecessary for trial court to conduct an evidentiary hearing to determine issue of jurisdiction).[3] Section 5345 clearly applies to the point in the proceedings where the court is awarding custody. It has no application to this

1. The statute provides for three additional bases of jurisdiction that are not applicable here. We also note that the UCCJA applies to international custody disputes. 23 Pa.C.S.A. § 5365.

2. Section 5345 provides, in relevant part: "Before making a decree under this subchapter, reasonable notice and opportunity to be heard shall be given to the contestants...". 23 Pa.C.S.A. § 5345.

3. Father raises a vague 'due process' argument but does not develop the argument further in his brief. Accordingly, this issue is waived. *Kituskie v. Corbman*, 452 Pa.Super. 467, 682 A.2d 378, 383 (1996), *affirmed and remanded*, 552 Pa. 275, 714 A.2d 1027 (1998) ("Issues not properly developed or argued in the argument section of an appellate brief are waived.").

preliminary stage. Moreover, Section 5366 of the UCCJA requires issues of jurisdiction to be "handled expeditiously." 23 Pa.C.S.A. § 5366. *See also Hovav,* 458 A.2d at 974.

¶ 10 Here, the family court was fully aware of the circumstances and had sufficient information with which to decide the jurisdictional issue. Father had several opportunities to plead whatever facts he deemed were important, including in his motion for a custody order and subsequent motion for reconsideration. The facts that father pled were insufficient to warrant an evidentiary hearing on the issue of jurisdiction over his custody complaint. Father's brief is conspicuously silent as to any relevant facts he would have raised at an evidentiary hearing, if one had been held. We agree with the family court that an evidentiary hearing was not warranted.

¶ 11 Order affirmed.